UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERAX BIOMEDICAL INC.,<br><br>          Plaintiff,<br>     v.<br><br>AMERICAN NATIONAL RED CROSS,<br><br>          Defendant. | Civil Action No.: 1:23-cv-10335-PBS |

**AMERICAN NATIONAL RED CROSS'S RESPONSE
TO STATEMENT OF INTEREST OF THE UNITED STATES**

**TABLE OF CONTENTS**

Page

A. The Red Cross Is Not A "Person" Because It Is A Statutorily-Designated Federal Instrumentality ..................................................................................................................2

B. DOJ's Pre-2007 Authorities Involving Other Statutes Are Not Relevant To Whether The Red Cross Is A "Person" Under The Sherman Act.......................................5

C. DOJ's Approach Is Not Grounded in Principle And Could Result In Sherman Act Liability For A Wide Range Of Federal Entities ................................................................7

## **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*Arkansas v. Farm Cred. Servs. of Cent. Ark.*,
  520 U.S. 821 (1997)............................................................................................................6

*Berman v. Am. Nat'l Red Cross*,
  834 F. Supp. 286 (N.D. Ind. 1993) ....................................................................................5

*Dep't of Emp. v. United States*,
  385 U.S. 355 (1966)............................................................................................................4

*Dep't of Transp. v. Ass'n of Am. R.R.*,
  575 U.S. 43 (2015)..............................................................................................................6

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018)........................................................................................................2

*Fasano v. Fed. Rsrv. Bank of N.Y.*,
  457 F.3d 274 (3d Cir. 2006)................................................................................................3

*In re Fed. Bureau of Prisons' Execution Protocol Cases*,
  980 F.3d 123 (D.C. Cir. 2020)............................................................................................7

*Jet Courier Servs., Inc. v. Fed. Rsrv. Bank of Atlanta*,
  713 F.2d 1221 (6th Cir. 1983) ........................................................................................6, 9

*Lewis v. United States*,
  680 F.2d 1239 (9th Cir. 1982) ........................................................................................6, 9

*Loeffler v. Frank*,
  486 U.S. 549 (1988)............................................................................................................5

*Sakamoto v. Duty Free Shoppers, Ltd.*,
  764 F.2d 1285 (9th Cir. 1985) ........................................................................................8, 9

*Sea-Land Serv., Inc. v. Alaska R.R.*,
  659 F.2d 243 (D.C. Cir. 1981)............................................................................................3

*U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*,
  540 U.S. 736 (2004)..................................................................................................... passim

**STATUTES**

12 U.S.C. § 1723a(c)(2) ................................................................................................................3

36 U.S.C.
  § 300101 ..................................................................................................................................1, 3
  § 300102 .....................................................................................................................................4
  § 300104 .....................................................................................................................................4

**OTHER AUTHORITIES**

American National Red Cross Governance Modernization Act of 2007, H.R.
  1681, 110th Cong. (2007) .....................................................................................................1, 3, 4

Tenn. Op. Att'y Gen. No. 22-06 (Mar. 29, 2022), 2022 WL 1057661 ............................................4

United States Brief for the Petitioner, *Flamingo*, 540 U.S. 736 (No. 02-1290),
  2003 WL 21663261 ..................................................................................................................2, 9

United States Petition for Writ of Certiorari, *Flamingo*, 540 U.S. 736 (No. 02-
  1290), 2003 WL 22330883 ...........................................................................................................2

United States Reply Brief for the Petitioner, *Flamingo*, 540 U.S. 736 (No. 02-
  1290), 2003 WL 22433931 .................................................................................................2, 5, 10

The Department of Justice Antitrust Division ("DOJ") waits until the end of its brief to address the dispositive legal issue before this Court: whether an entity that Congress statutorily designated as a federal instrumentality, without limitation, is a "person" under the Sherman Act. Forty years of precedent establish the answer is *no*, which is the same position DOJ itself took before the Supreme Court when it considered this very question. Because Congress designated the Red Cross as a "Federally chartered instrumentality of the United States," with all "the rights and obligations consistent with that status," it is not a "person" under the Sherman Act.[1]

DOJ argues that Congress gave the Red Cross federal instrumentality status only for state tax purposes. But the Red Cross's statute contains no such limitation. And the implication DOJ seeks to draw from that silence is erroneous, because courts cannot subject a statutorily-designated federal instrumentality to the Sherman Act absent an *express* statement from Congress.

DOJ also suggests that the Red Cross's non-governmental status for *other statutes*—like the Federal Tort Claim Act ("FTCA") and Freedom of Information Act ("FOIA")—means it is also non-governmental for the Sherman Act. That is a red herring, and not even DOJ stands by that one-size-fits-all approach. Indeed, DOJ *agrees* that entities like the Federal Reserve Banks are *not* "persons" under the Sherman Act—even though they also are not the kind of government actor that is obligated to comply with the FTCA or FOIA.

Instead of honoring Congress's express designation of the Red Cross as a federal instrumentality, DOJ creates its own novel (and quite complex) test for determining whether an entity is a Sherman Act "person." DOJ's "good for this case only" test contradicts *Flamingo* and departs from DOJ's prior position before the Supreme Court. The test does not have any unifying

---

[1] *See* 36 U.S.C. § 300101(a); American National Red Cross Governance Modernization Act of 2007, H.R. 1681, at Sec. 2(a)(7), (b)(4)–(5), 110th Cong. (2007) (hereinafter "2007 Red Cross Act").

principle, is internally inconsistent, and could expose a wide range of federal entities that perform vital governmental functions to the threat of Sherman Act liability.

DOJ does not dispute that no court has found a congressionally designated federal instrumentality to be a "person" under the Sherman Act. This Court should reject DOJ's invitation to be the first.[2]

### A. The Red Cross Is Not A "Person" Because It Is A Statutorily-Designated Federal Instrumentality

1. DOJ does not seriously engage with the Red Cross's primary argument: that an entity designated by Congress as a federal instrumentality without limitation is not a "person" under the Sherman Act. That is not surprising because DOJ has long held the position that such an entity is *not* a "person" under the Sherman Act. It told the Supreme Court in *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736 (2004), that "[j]ust as Congress did not intend the United States to be a 'person' under the antitrust laws, *Congress did not intend agencies or instrumentalities of the United States to be 'persons'* under those laws." United States Brief for the Petitioner, *Flamingo*, 540 U.S. 736 (No. 02-1290), 2003 WL 21663261, at *8 ("DOJ *Flamingo* Br.").[3] DOJ also told the Supreme Court that every court to have considered the issue "since the

---

[2] DOJ's position on this issue has no special force beyond its attempt to persuade, which it has not done. The Sherman Act "person" question turns on what the Supreme Court and other courts have said authoritatively about this issue and what *Congress* intended for the Red Cross. No deference is due to DOJ on either of those issues, particularly where, as here, DOJ has expressly supported the Red Cross's legal position previously. *Cf. Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1629–30 (2018) ("To preserve the balance Congress struck in its statutes, courts must exercise independent interpretive judgment," particularly where "Executive [Branch] speaks from both sides of its mouth, articulating no single position on which it might be held accountable").

[3] DOJ did not just say this once; it made the same argument—that "federal instrumentalities" are not "persons"—repeatedly. DOJ *Flamingo* Br., 2003 WL 21663261, at *5–10, 24, 28; *see also* United States Reply Brief for the Petitioner, *Flamingo*, 540 U.S. 736 (No. 02-1290), 2003 WL 22433931, at *2–4, 7–8, 18 ("DOJ *Flamingo* Reply"); United States Petition for Writ of Certiorari, *Flamingo*, 540 U.S. 736 (No. 02-1290), 2003 WL 22330883.

2

passage of the Sherman Act in 1890" has "held that there is no substantive cause of action under the antitrust laws against agencies or instrumentalities of the United States." DOJ *Flamingo* Reply, 2003 WL 22433931, at *4. That is still true today.

In fact, longstanding precedent holds that federal instrumentalities are *not* "persons" under the Sherman Act. As then-Judge Ginsburg explained in *Sea-Land Service, Inc. v. Alaska Railroad*, "Congress did not place the United States *or its instrumentalities* under the governance of the Sherman Act." 659 F.2d 243, 244 (D.C. Cir. 1981) (emphasis added). The Supreme Court then adopted *Sea-Land* as "the correct approach" and directed courts to answer the "person" question by reference to the entity's "statutory designation." *Flamingo*, 540 U.S. at 744, 746. This federal instrumentality principle is so well-settled that courts have described *Flamingo* as holding that the "Postal Service is a federal instrumentality for antitrust purposes." *Fasano v. Fed. Rsrv. Bank of N.Y.*, 457 F.3d 274, 282 (3d Cir. 2006).

Congress's decision in 2007 to make the Red Cross a "Federally chartered instrumentality of the United States"—with all "the rights and obligations consistent with that status"—is dispositive. 36 U.S.C. § 300101(a); 2007 Red Cross Act at Sec. 2(a)(7), (b)(4)–(5).

2. DOJ contends Congress limited the Red Cross's federal instrumentality designation to immunity from state taxation. The applicable statute does not say this; if Congress wanted to address tax immunity only, it would have done so. Congress knows how to express a federal entity's immunity from state taxation when it so chooses—for example, it did just that when it created the Federal National Mortgage Association ("Fannie Mae"). 12 U.S.C. § 1723a(c)(2) (entity is "exempt from all taxation now, or hereafter imposed by any State"). Neither the 2007 Red Cross Act, nor its codification in the Red Cross statutory Charter references taxes, let alone

limits the Red Cross's federal instrumentality status to immunity from taxes.[4]  In fact, there was no need for Congress to address the Red Cross's legal status if it only cared about immunity from state taxation because the Supreme Court had settled the state tax question forty years prior in *Dep't of Emp. v. United States*, 385 U.S. 355 (1966).[5]  Congress made no changes in the 2007 Red Cross Act that affected the basis for that decision.[6]

DOJ also misreads the 2007 Red Cross Act in arguing that Congress made clear that the Red Cross has a continuing "'obligation[]' to comply with the requirements of federal statutes that apply to it as a 'corporation' . . . like the Sherman Act."  Statement of Interest of the United States, ECF No. 34 at 15–16 ("SOI").  Congress, again, said no such thing.  It stated that "any changes to the Congressional Charter do not affect the rights and obligations of The American National Red Cross *to carry out its purposes*."  2007 Red Cross Act at Sec. 2(a)(7) (emphasis added).  That is, despite any changes to the Charter, the Red Cross continues to have both the right and the obligation to carry out its express statutory purposes, which are set forth in 36 U.S.C. § 300102 and have nothing to do with the Sherman Act.

---

[4]   Indeed, the states themselves agree the Red Cross's instrumentality status goes beyond state tax purposes.  *See, e.g.,* Tenn. Op. Att'y Gen. No. 22-06 (Mar. 29, 2022), 2022 WL 1057661 (as a federal instrumentality, Red Cross is not subject to state reporting requirements unrelated to taxation).  That is clearly right because otherwise there would have been no need for Congress to clarify in the 2007 Red Cross Act (*see* Sec. 2(b)(4)) that the Red Cross "nevertheless" should "maintain appropriate communications" with the states and "cooperate" with them "from time to time."

[5]   DOJ cites one pre-2007 Red Cross brief in a non-Sherman Act case that characterized the Red Cross's then judicially-conferred instrumentality status as limited to immunity from state taxes.  But DOJ cites nothing that has said so after 2007 when Congress made clear that the Red Cross's instrumentality status is not limited to taxes.

[6]   The 2007 Red Cross Act streamlined the Board of Governors and its procedures to make it more efficient.  2007 Red Cross Act at Sec. 2(a)(4).  Congress said that the President must still appoint and can remove the Chairman, but the remaining Governors are elected and then advised by an 8-10 member *government* council all appointed by the President.  36 U.S.C. § 300104(a)(3)(A)(i), (a)(3)(B)(i), (d)(2)(A).

### B. DOJ's Pre-2007 Authorities Involving Other Statutes Are Not Relevant To Whether The Red Cross Is A "Person" Under The Sherman Act

DOJ relies on four pre-2007 cases where courts analyzed the governmental characteristics of the Red Cross, but these cases are irrelevant because they pre-date the 2007 Red Cross Act, do not involve the Sherman Act, and are cherry-picked from a set of cases that include decisions going the other way. S*ee e.g.*, *Berman v. Am. Nat'l Red Cross,* 834 F. Supp. 286 (N.D. Ind. 1993).

First, DOJ's non-Sherman Act cases addressed different legal regimes that apply different legal standards from the one set forth in *Flamingo*. The fact that courts have found (a) the Red Cross does not satisfy the statutory definition of a "federal agency" under FOIA (*Irwin*) or the FTCA (*Rayzor*), (b) the Red Cross does not meet the "structural" or "functional" test for a government actor under the First Amendment (*Hall*), and (c) it would not be "inconsistent with, or interfere with, the role outlined in the organization's charter" to subject the Red Cross to a jury trial (*Marcella*) says nothing about whether, post-2007, the Red Cross meets the legal standard for "person" under the Sherman Act. *See* DOJ *Flamingo* Reply, 2003 WL 22433931, at *15–16 (DOJ arguing that seemingly inconsistent treatment of Postal Service under other areas of the law was not relevant to Sherman Act "person" question).

Second, there is nothing inconsistent about a federal entity that is not sufficiently governmental for a particular legal standard also not being a "person" under the Sherman Act's legal standard. For example, in *Loeffler v. Frank,* 486 U.S. 549 (1988), the Supreme Court held that the Postal Service was not entitled to the federal government's immunity from prejudgment interest because when Congress waived the Postal Service's sovereign immunity it "launch[ed] 'the Postal Service into the commercial world'" and gave it "'the status of a private commercial enterprise.'" *Id.* at 556 (citation omitted). Yet the Supreme Court later concluded the Postal Service was not a Sherman Act "person" because its "statutory designation" as an "independent

5

establishment of the executive branch" was "not consistent with the idea that it is an entity existing outside of the Government." *Flamingo*, 540 U.S. at 746.

Similarly, in *Lewis v. United States*, 680 F.2d 1239, 1242–43 (9th Cir. 1982), the Ninth Circuit held the Federal Reserve Banks are not subject to the FTCA. And the Federal Reserve Banks are not subject to FOIA either.[7] Yet the Sixth Circuit still held the Federal Reserve Banks are not "persons" under the Sherman Act because they perform "important governmental functions." *Jet Courier Servs., Inc. v. Fed. Rsrv. Bank of Atlanta*, 713 F.2d 1221, 1228 (6th Cir. 1983). Because DOJ embraces the holding of *Jet Courier* (cited SOI at 6, 12, 13), it must agree there is no inconsistency in finding the Red Cross not to be a "person" under the Sherman Act, even though it is not subject to the FTCA or FOIA.

Third, DOJ's own authority, *Dep't of Transp. v. Ass'n of Am. R.R.*, 575 U.S. 43 (2015) (cited SOI at 5, 9), highlights why it would be wrong to use decisions from different areas of the law to resolve the Sherman Act question. There, the Supreme Court held Amtrak was a government actor for constitutional purposes despite Congress *expressly* stating it "is *not* a department, agency, or instrumentality of the United States Government." *Id.* at 50–55 (emphasis added) (citation omitted). The Court explained that constitutional questions do not turn on congressional intent. *Id.* at 51. But the Sherman Act "person" question absolutely does. *Flamingo*, 540 U.S. at 744–47.[8]

---

[7] For example, the Federal Reserve Bank of New York is "not subject to the provisions of FOIA." *Freedom of Information Requests*, FEDERAL RESERVE BANK OF NEW YORK, https://www.newyorkfed.org/aboutthefed/freedom-of-information-requests (last visited Aug. 15, 2023).

[8] *Arkansas v. Farm Cred. Servs. of Cent. Ark.*, 520 U.S. 821 (1997), cited SOI at 17, similarly addressed a jurisdictional question outside the Sherman Act that implicated federal/state comity and that did not turn on congressional intent regarding the statutory definition of a "person."

6

Finally, DOJ argues (SOI at 15–16) that upholding the Red Cross's instrumentality status would threaten to immunize the Red Cross from actions brought under the Federal Food, Drug, and Cosmetic Act ("FDCA"). That is incorrect. Unlike the Sherman Act, the D.C. Circuit has recognized that the FDCA *applies to the federal government*. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 137 (D.C. Cir. 2020) (Bureau of Prisons must "obtain prescriptions for the pentobarbital used in executions" as required by "the FDCA").

### C. DOJ's Approach Is Not Grounded In Principle And Could Result In Sherman Act Liability For A Wide Range Of Federal Entities

The bulk of DOJ's brief is devoted to a discussion of the Red Cross that is not grounded in any underlying principle, notwithstanding the Supreme Court's clear guidance in *Flamingo* and Congress's clear guidance in the 2007 Red Cross Act. Citing *Flamingo*, DOJ suggests that a federal entity is a "person" under the Sherman Act unless it is "separate" from the government in "both form and function." SOI at 3. But *Flamingo* established no such test and DOJ's analysis does not track its own self-made rule. Regarding "form," DOJ ignores the Red Cross's instrumentality status altogether and asserts that the Red Cross's "corporation" status is all that matters, although "corporation" status does not seem to matter to DOJ when it comes to other federal entities. And DOJ's multi-factored "function" prong would extend the Sherman Act to entities DOJ concedes are not "persons," and hosts of other federal entities and instrumentalities that perform important governmental functions.

1. As an initial matter, DOJ's "form and function" test completely misreads *Flamingo*. In recognizing that "[t]he Postal Service, in both form and function, is not a separate antitrust person," *Flamingo*, 540 U.S. at 748, the Court indicated that a federal entity cannot be a "person" unless *both* its form—*i.e.*, its statutory designation—*and* its function demonstrate that it is *separate* from the Government. That is the only interpretation that can be squared with the remainder of

7

the Supreme Court's decision, which "conclu[ded]" that the Postal Service was not a "person" based purely on its "statutory designation." *Id.* at 747–46. Only then did the Court go on to note features of the Postal Service statute that were "consistent" with the conclusion it had already reached. *Id.* at 747. Thus, DOJ is wrong that a functional analysis is *always* required.

2. DOJ's argument about "form" is flawed too. DOJ begins with what appears to be a straightforward textual argument about the Red Cross's form: the Sherman Act defines "persons" to include "corporations," the Red Cross is a federal "corporation," and so the Red Cross is a "person" under the Sherman Act. SOI at 3. But DOJ quickly retreats from that position, because it agrees that federal corporations may *not* be "persons." For example, DOJ repeatedly endorses the Sixth Circuit's holding in *Jet Courier* that the Federal Reserve Banks are not "persons" under the Sherman Act—even though they are federal corporations. SOI at 6, 12, 13. And DOJ does not dispute the Ninth Circuit's finding that the Guam Airport Authority is not a "person," despite being a federal corporation. *Sakamoto v. Duty Free Shoppers, Ltd.,* 764 F.2d 1285, 1288–89 (9th Cir. 1985). But DOJ offers no way to reconcile its position with these Court of Appeals holdings. And DOJ ignores that the Red Cross is not a mere corporation; it is also a federal instrumentality. If some federal corporations are not "persons," then surely one that is statutorily designated a federal instrumentality is not either.

3. Even if DOJ were right that an entity's function is part of the "person" analysis, the Red Cross would also satisfy a proper functional analysis which, of course, would have to start with its instrumentality status and follow *Flamingo*. *See* Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 27 at 6–9 ("Red Cross Reply"). DOJ's functional approach, however, is contradictory and wrong. DOJ seems to argue that federal entities *are* "persons" unless the entity (1) is owned or controlled by the federal government on a day-to-day basis (SOI at 5–8), (2) has federal

8

employees (*id.* at 8), (3) receives Congressional appropriations (*id.* at 8), (4) is subject to FOIA (*id.* at 9), (5) is subject to the Inspector General Act of 1978 (*id.* at 9), and/or (6) operates no part of its business in any way similar to private enterprise (*id.* at 12–13).  But that cannot be what DOJ means because the Federal Reserve Banks have *none* of these features, yet DOJ agrees they are not "persons."  The federal government does not own the Federal Reserve Banks, control their boards, nor control their day-to-day operations; the Banks have private companies as shareholders; their employees are not federal employees; the Banks do not receive annual appropriations, and are not obligated to comply with FOIA or the Inspector General Act (or the FTCA); and the Banks set their own rates and prices independently.  See *Lewis*, 680 F.2d at 1241–43.[9]

The same features cannot simultaneously be irrelevant for the Reserve Banks that are *not* statutorily designated as federal instrumentalities, but dispositive when applied to the Red Cross that *is*.  There also are other entities that do not share DOJ's identified features that have been found not subject to the Sherman Act, like the Guam Airport Authority in *Sakamoto*.  764 F.2d at 1288–89.  To accept DOJ's test would require rejecting the considered judgment of multiple courts of appeals and would threaten to expand Sherman Act exposure not just to the Federal Reserve Banks and the Guam Airport Authority—but also to a range of other federal entities that, like the Red Cross, fulfill vital national goals.  These include federal corporations and instrumentalities like the Federal Deposit Insurance Corporation, the Export-Import Bank, The Federal Financing Bank, The Commodity Credit Corporation, and other territorial entities (including the Guam and Virgin Islands Port Authorities).  See also DOJ *Flamingo* Br., 2003 WL 21663261, at *20 n.6

---

[9]   DOJ cites some aspects of the Federal Reserve *Board*—the entity that sits above the regional Federal Reserve *Banks* in the Reserve system—to show some governmental features of the Board.  SOI at 6, 12, 13.  But in *Jet Courier*, DOJ also argued, and the Sixth Circuit also held, that the twelve regional Federal Reserve *Banks*—separate legal entities from the Federal Reserve Board—are not "persons" under the Sherman Act.  713 F.2d at 1222, 1228.

(DOJ citing examples of the "numerous instrumentalities and agencies of the United States," many of which are also corporations).

DOJ's functional test also finds no support in any Sherman Act case. The Supreme Court did not use this test in concluding that the Postal Service is not a "person." *Flamingo,* 540 U.S. at 746–47. In fact, at DOJ's urging, the Supreme Court expressly rejected the last element—no private-like operations—when the Supreme Court recognized that the Postal Service ran for-profit lines of business for which it set prices independently. *Id.* at 747–48; *see also* DOJ *Flamingo* Reply, 2003 WL 22433931, at *11–12 (DOJ arguing that Postal Service's "commercial endeavors" and "compet[ition] with private businesses" are irrelevant to Sherman Act "person" question). That alone puts to rest any argument that the Red Cross is a "person" due to its blood operations. DOJ also notes the Red Cross's "independence," but that is simply a reference to the fact that the Red Cross adheres to a principle of political neutrality and independence from *partisan* controls based on goals articulated by the International Red Cross. That is not so different from the Postal Service's status as an "independent establishment" that was designed to "reduce political influences on its operations." *Flamingo*, 540 U.S. at 740; *see also* DOJ *Flamingo* Reply, 2003 WL 22433931, at *11–12 (DOJ arguing Postal Service's "independence from partisan controls" was irrelevant to "person" issue).

In the end, the Supreme Court started and ended with the Postal Service's "statutory designation." *Flamingo*, 540 U.S. at 746–47. The only "functional" analysis it did was to explain how the Postal Service's "nationwide, public responsibilities" and "different goals, obligations, and powers from private corporations" were "consistent" with it not being a "person." *Id.* at 747. DOJ does not dispute that the Red Cross shares all of these same characteristics. Red Cross Reply at 7–8.

10

Dated: August 15, 2023

Respectfully submitted,

/s/ William J. Trach
William J. Trach (BBO # 661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

Amanda P. Reeves (*pro hac vice*)
Jennifer L. Giordano (BBO # 650537)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
amanda.reeves@lw.com
jennifer.giordano@lw.com

Alfred C. Pfeiffer (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
al.pfeiffer@lw.com

*Attorneys for Defendant
American National Red Cross*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent on August 15, 2023 to those identified as non-registered participants.

/s/ William J. Trach
William J. Trach