# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **VERAX BIOMEDICAL INC.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 1:23-cv-10335-PBS |
| § | | |
| **AMERICAN NATIONAL RED CROSS,** § | | |
| § | | |
| Defendant. § | | |
| § | | |

## VERAX BIOMEDICAL INC.'S RESPONSE TO THE STATEMENT OF INTEREST OF THE UNITED STATES

Verax files this response to the Statement of Interest submitted by the United States ("DOJ Statement"). ECF 34. The DOJ Statement is signed by the Department of Justice's ("DOJ") Assistant Attorney General in charge of the Antitrust Division ("Division"), and lists ten Division attorneys charged with enforcing the nation's antitrust laws. The DOJ Statement confirms Verax's position that "ARC's argument that it is not subject to the Sherman Act rests on a misreading of the law," and therefore "urges the Court to reject this argument." *Id.* at 2.

In its Opposition (ECF 23, "Opp.") to the American Red Cross's ("ARC") Motion to Dismiss (ECF 18, "Motion"), Verax explained that binding authority contradicts ARC's primary contention that as a "federally chartered instrumentality of the United States" it is not "a 'person' who can be liable under the Sherman Act." Opp. at 6. As Verax previously noted, ARC's argument "that it is immune because it is a federal instrumentality" violates the longstanding Supreme Court precedent that the United States' immunity from Sherman Act liability "does *not* extend to its agents and instrumentalities merely because they do its work," and that "an entity is not entitled to

the same immunities as the United States simply by virtue of its federal instrumentality status." *Id.* at 6-7 (citing cases).

Instead, Verax explained that under the Supreme Court's two-part test for determining whether an actor is a Sherman Act "person," the Court "first evaluates 'whether there is a waiver of sovereign immunity' in the entity's charter through a 'sue-and-be-sued clause'" and, if so "proceeds to the second step and examines 'whether the substantive prohibitions of the Sherman Act apply to' the entity in question." *Id.* (quoting *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 743 (2004). Verax pointed out that ARC's motion did not mention or apply *Flamingo's* test (or claim that ARC satisfied it), thereby waiving any argument beyond the one ARC moved on, namely that instrumentality status automatically renders ARC a non-Sherman Act "person." *Id.* at 7.[1]

Verax nonetheless proceeded to show that under the governing test, ARC's contention should be rejected. Verax explained, *inter alia*, that the test requires examination of Sherman Act's text and interpretation; the manner in which ARC is organized and enabled; and the application of principles sent forth in cases like *Flamingo*, including (1) whether ARC performs government functions (such as rulemaking) or exercises government power (like enforcement or eminent domain); (2) whether ARC is controlled, in significant part, by the government; (3) whether ARC conducts itself like a private entity, rather than a government agency (including through the power to independently set prices); and (4) whether it is reasonable to conclude, as a matter of sound

---

[1] Review of ARC's motion confirms the limitation of its argument. *See* Motion at 4 ("All of Verax's claims fail out of the gate for several independent reasons. *First,* Verax cannot maintain any antitrust claim under the Sherman Act because (1) the Red Cross is an instrumentality of the United States and **therefore** not a "person" who can be liable under that statute"); *id.* at 9 ("**Because** the Red Cross is a '[f]ederally chartered instrumentality of the United States' (36 U.S.C. §300101(a)), it is not a 'person' who can be liable under the Sherman Act").

Unless otherwise indicated, all emphasis is added and internal citations and quotations omitted.

public policy, that Congress intended to protect ARC from liability under the antitrust laws. Opp. at 7-10.[2]

ARC's Reply addressed *Flamingo's* test for the first time, eliding its omission in its opening brief and unpersuasively asserting that it was satisfied.[3] ARC's Reply also failed to meaningfully respond to Verax's arguments, and instead misstated those arguments and then improperly declared them misguided.[4]

The DOJ Statement confirms each aspect of Verax's argument. *First*, it confirms that the lone argument ARC presented in its Motion – that its instrumentality status *ipso facto* makes it a non-person under the Sherman Act – "is wrong." *See* DOJ Statement at 16. *Second, it* confirms that the argument ARC first raised in its Reply – that it survives *Flamingo's* two-part test – is also

---

[2] This case, which alleges that ARC's actions are excluding a lower priced, innovative firm from a critical healthcare marketplace – along with ***every other*** competitor or potential competitor in the market for bacterial mitigation services, regardless of their price or quality – by exercising its monopoly power over a separate market for blood platelets, illustrates why it unreasonable to contend that Congress intended to shield ARC from Sherman Act liability. While ARC has dismissed this as a "policy" argument, *Flamingo* considered intent as part of its merits inquiry.

[3] ARC's only response to the issue of waiver was a claim that Verax was arguing ARC waived a *sovereign immunity* defense by not raising it in its opening brief. Reply at 2 n.2. Verax's point had nothing to do with sovereign immunity. *See* Opp. at 7 n.3 ("By ignoring the test that applies to the question it has injected into the case [the *Flamingo* test], ARC has waived any arguments that it satisfies the applicable test, save for the one it provides, that its status as an instrumentality *ipso facto* makes it not an antitrust 'person.'").

[4] *Compare, e.g.*, Reply at 2 ("First, Verax argues that the Red Cross is a 'person' under the Sherman Act ***because*** Congress waived the Red Cross's sovereign immunity" and devoting section to showing "Verax's" contention is incorrect) *with* Opposition at 7 (in setting forth inquiry mandated by the Supreme Court, explaining, "[a] Court ***first*** evaluates 'whether there is a waiver of sovereign immunity' … through a 'sue-and-be-sued clause … If so, the court ***proceeds to the second step*** and examines 'whether the substantive prohibitions of the Sherman Act apply to' the entity in question."); *compare* Reply at 3 ("Second, Verax ***ignores*** the fact that Congress gave the Red Cross the formal statutory designation of a '[f]ederally chartered instrumentality of the United States' … and instead urges the Court to analyze the 'person' issue as if the Red Cross were a mere corporation") *with* Opposition at 6 (noting that "ARC ***leads with the argument*** that, as a 'federally chartered instrumentality of the United States,' it is not "a 'person' who can be liable under the Sherman Act" and explaining, with numerous citations, why this argument is insufficient).

wrong. *See id.* at 4-18.

The DOJ Statement is comprehensive and persuasive, and fully supports the arguments Verax raised in its opposition. As a result, Verax will not rehash these arguments here. Instead, Verax writes to confirm that it joins in the DOJ Statement. Verax notes further that Statements of Interest from the DOJ Antitrust Division are rare; the DOJ Statement is just the fourth the Division has filed in 2023, in all of the antitrust cases pending in the nation, in district court or the courts of appeal. *See* https://www.justice.gov/atr/statements-interest. The Division filed seven such statements last year, and just two in 2021. *See id.* While such statements are not entitled to formal judicial deference, they are worthy of significant "respect." *See, e.g., Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 641 n.9 (S.D.N.Y. 2013) ("The Court finds that the views expressed in the Statement of Interest are entitled to great respect"); *M.R. v. Dreyfus*, 697 F.3d 706, 735 (9th Cir. 2012) ("considerable respect" given to agency views raised in statement of interest filed under Section 517).[5]

Dated: August 15, 2023                                      Respectfully submitted,

/s/ Scott Abeles

Scott Abeles (admitted *pro hac vice*)
sabeles@carltonfields.com
Benjamin M. Stoll (admitted *pro hac vice*)
bstoll@carltonfields.com
CARLTON FIELDS, P.A.
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, DC 20007
Telephone: (202) 965-8100

---

[5] The Court may find the Division's views especially helpful here because there is not a significant body of case law on this issue. ARC claims that it has not found cases in which federal instrumentalities have been deemed persons under the antitrust laws, without recognizing that any such result is a function of that paucity of case law. The argument is similar to one suggesting there is a lack of precedent for trying former executive branch officials for election interference.

Elizabeth K. Keeley (Bar ID #669311)
keeley@buttersbrazilian.com
BUTTERS BRAZILIAN LLP
699 Boylston Street, 12th Floor
Boston, Massachusetts 02116
Telephone: (617) 367-2600

*Attorneys for Plaintiff Verax Biomedical Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which in turn will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system.

/s/ *Elizabeth K. Keeley*
Elizabeth K. Keeley